UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 06, 2009

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: AIRLINE BAGGAGE FEE ANTITRUST
LITIGATION                                                MDL No. 2089

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in one action pending in the Northern District of Georgia have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in that district. This litigation currently consists of ten actions pending in the Northern District of Georgia and one action pending in the District of Nevada, as listed on Schedule A.[1]

Plaintiffs in three other actions pending in the Northern District of Georgia support centralization in that district, but plaintiffs in another three actions in that district – actions that were earlier transferred to that district from the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a) – favor selection of the latter district as transferee district. Plaintiff in the action pending in the District of Nevada (*Mertes*) urges the Panel to choose that district, but common defendants Delta Air Lines, Inc. (Delta), AirTran Holdings, Inc., and AirTran Airways, Inc. (collectively AirTran as to the latter two) argue that we should deny centralization or defer our decision on the Section 1407 motion until the District of Nevada court rules on the Section 1404(a) motion currently pending in *Mertes*.

On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All eleven actions involve common factual issues as to whether Delta and AirTran violated the Sherman Act by agreeing to impose, and subsequently imposing, a fee for the first bag checked by each passenger on the carriers' respective domestic flights. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial

---

[*] Panel members who potentially are members of a yet-to-be certified class in this litigation have renounced their participation in any such class and have participated in this decision. To the extent that such an interest is later determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L.2001).

[1] The parties have notified the Panel of one additional related action, which is also pending in the Northern District of Georgia. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

As noted above, defendants ask us to deny or defer a decision on centralization, on the ground that the District of Nevada *Mertes* action is the only action currently pending outside the Northern District of Georgia, and a motion for transfer under 28 U.S.C. § 1404(a) in *Mertes* is now before the District of Nevada court. Although this argument has some appeal, we do not find it persuasive here. Including the potential tag-along action, there are already twelve actions on file. In light of the very large number of individuals affected by the fees in question, the possibility of additional actions arising in other districts (with ensuing duplicative Section 1404(a) motion practice) looms.[2] Under these circumstances, we believe that Section 1407 is the more efficient method of congregating these related actions for pretrial proceedings. *See In re Union Pacific Railroad Co. Employment Practices Litigation*, 314 F.Supp.2d 1383, 1384 (J.P.M.L. 2004).

We are persuaded that the Northern District of Georgia is an appropriate transferee district for pretrial proceedings in this litigation. Ten of the eleven constituent actions, including the first-filed action, are already pending in that district. In addition, Delta's headquarters are located in Atlanta, Georgia, and AirTran has executive offices in the city, and thus many witnesses and documents relevant to the litigation are likely found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Northern District of Georgia is transferred to the Northern District of Georgia, and, with the consent of that court, assigned to the Honorable Timothy C. Batten, Sr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

---

[2] Three of the ten actions in the Northern District of Georgia were transferred there pursuant to Section 1404(a).

- 3 -

IT IS FURTHER ORDERED that this litigation is renamed "In re: Delta/AirTran Baggage Fee Antitrust Litigation."

                              PANEL ON MULTIDISTRICT LITIGATION

                              _____
                                 John G. Heyburn II
                                    Chairman

| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |

IN RE: AIRLINE BAGGAGE FEE ANTITRUST
LITIGATION                                                                   MDL No. 2089

## SCHEDULE A

    <u>Northern District of Georgia</u>

Brent Avery, et al. v. Delta Airlines, Inc., et al., C.A. No. 1:09-1391
Michael Edelson v. Delta Airlines, Inc., et al., C.A. No. 1:09-1455
Ryan Goldstein v. Delta Airlines, Inc., et al., C.A. No. 1:09-1456
Martin Siegel v. Delta Airlines, Inc., et al., C.A. No. 1:09-1585
Thomas Whittelsey, et al. v. Delta Airlines, Inc., et al., C.A. No. 1:09-1655
Stephen Powell v. Delta Airlines, Inc., et al., C.A. No. 1:09-1706
Henryk J. Jachimowicz v. Delta Airlines, Inc., et al., C.A. No. 1:09-1938
Santa Williams v. Delta Airlines, Inc., et al., C.A. No. 1:09-2057
Debra M. Levine v. AirTran Airways, Inc., et al., C.A. No. 1:09-2058
Laura Greenberg Gale v. Delta Airlines, Inc., et al., C.A. No. 1:09-2059

    <u>District of Nevada</u>

Victoria Mertes v. Delta Airlines, Inc., et al., C.A. No. 2:09-1288